UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DANIEL MILLER,                          )
                                        )
            Petitioner,                 )
                                        )
      v.                                )      No. 4:10-CV-2394-CDP
                                        )
TROY STEELE,                            )
                                        )
            Respondent.                 )

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Daniel Miller's application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

### The petition

Petitioner, an inmate at the Potosi Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. Petitioner challenges his March 24, 2004 conviction for first degree statutory rape and child molestation imposed by the Circuit Court of the City of St. Louis, Missouri. Plaintiff was sentenced

on June 25, 2004, to concurrent sentences of thirty and fifteen years, respectively. The Missouri Court of Appeals affirmed the conviction on September 28, 2005. Thereafter, petitioner filed a Rule 29.15 motion for post-conviction relief with the trial court. The motion was denied, and the Missouri Court of Appeals affirmed the decision on September 16, 2008. See Miller v. State, 263 S.W.3d 779 (Mo.App.E.D. 2008). In the instant action, petitioner asserts four grounds of ineffective assistance of trial counsel.

**Discussion**

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal. The denial of petitioner's Rule 29.15 motion was affirmed on September 16, 2008; however, the instant application for federal habeas corpus relief was not signed until December 17, 2010, well after the running of the one-year limitations period.

In accordance with the foregoing,

---

[1]Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred.  Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action as time-barred.

Dated this 26th day of January, 2011.


_____
**UNITED STATES DISTRICT JUDGE**